IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE PHOENIX INSURANCE COMPANY**,<br><br>    Plaintiff,<br><br>    v.<br><br>**MICHAEL KELLNER**, **DAWN KELLNER**, & **CODY NOEL**,<br><br>    Defendants. | Civil No.   11-1085 |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

Pending before the court is a motion to dismiss filed by defendants Dawn and Michael Kellner (collectively, the "Kellners") on October 24, 2011 (ECF No. 6), which was later joined by defendant Cody Noel ("Noel") (ECF No. 14). On August 22, 2011, plaintiff The Phoenix Insurance Co. ("Pheonix") filed a complaint for declaratory judgment against the Kellners and Noel. (ECF No. 1.) Phoenix seeks a declaration that it has "no legal and/or contractual obligation to indemnify any party to this action for any liability that may be imposed on defendant Michael Kellner for his acts of September 7, 2010, or any resulting damages or injuries therefrom" under a homeowners insurance policy (the "policy") it issued to the Kellners. The policy, attached as Exhibit A to the complaint, was in effect on September 7, 2010, when Michael Kellner shot Noel with a handgun. (Compl. (ECF No. 1) ¶ 16.)   For the reasons stated below, the court declines to exercise jurisdiction in this matter

### I. Factual Background

Phoenix made the following factual allegations in its complaint for declaratory judgment. The shooting incident occurred at a gas station, after Noel and Michael Kellner exchanged hostile words at the Kellners' home. (Id. ¶¶ 11-14.) Michael Kellner blocked Noel's truck from leaving the gas station, pointed a gun at Noel and demanded an explanation for a derogatory remark made by Noel. (Id. ¶¶ 10-11.) When Noel attempted to drive away, Kellner discharged the gun, causing Noel injuries, including a severed spinal column. (Id. ¶¶ 12-14.) The policy defines occurrence as an "accident" resulting in bodily damage, property damage, or personal injury. (Id. ¶ 18.) It also excludes any damages which are expected or intended by one of the "insured" (i.e., one of the Kellners). (Id. ¶ 21.) Micheal Kellner pleaded guilty to two counts of aggravated assault under Pennsylvania law.[1] (Id. ¶ 24.) Noel filed a claim with Phoenix under the policy. (Id. ¶ 15.) Importantly, Noel <u>did not file a complaint</u> in a civil action in any court, either against the insurer or any insured.

### II. Discussion

In their motion to dismiss, defendants present two arguments. The first argument, raised under Federal Rule of Civil Procedure 12(b)(6), is that the complaint is premature because legal obligations of an insurer to defend its insured depend upon the allegations raised in the complaint filed against the insured. In other words, because there is no complaint yet filed based on this

---

[1] According to 18 PA. CONS. STAT. § 2702(a), a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; . . . [or] attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. . . ." 18 PA. CONS. STAT. § 2702(a)(1) & (a)(4) (other irrelevant definitions of the criminal elements omitted, mostly relating to commission of an assault against police officers or teachers).

incident, it is too early for a court to determine the factual parameters of the duty to defend and the duty to indemnify. Phoenix responds by emphasizing that Noel filed a claim under the policy, which it argues is the functional equivalent of a complaint. The second argument presented by defendants' motion to dismiss is that the aggravated assault guilty pleas are not conclusive proof that Phoenix has no duty to indemnify the Kellners. Phoenix responds this argument is not properly suited to a motion to dismiss, because it asks the court to make assessments properly raised in a motion for summary judgment—i.e., whether the guilty plea conclusively establishes that Phoenix is entitled to a judgment as a matter of law—instead of the proper question which is whether the claim raises a sufficient factual plausibility of entitlement to relief. Because the court is declining jurisdiction, this memorandum opinion will not reach the substance of the arguments raised by defendants.

The first argument is indirectly related to the issue of jurisdiction, although framed in terms of an insufficient pleading of facts. Defendants rely upon <u>American and Foreign Insurance Co. v. Jerry's Sport Center, Inc.</u>, 2 A.3d 526, 541 (Pa. 2010), where the Pennsylvania Supreme Court held that "[a]n insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy" and that "[t]he question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint." Defendants also cite <u>Erie Insurance Exchange v. Transamerica Insurance Co.</u>, 533 A.2d 1363 (Pa. 1987), and <u>Donegal Mutual Insurance Co. v. Baumhammers</u>, 938 A.2d 286 (Pa. 2007) ("a carrier's duties to defend and indemnify an insured in a suit brought by a third party depend upon a determination of whether the third party's complaint triggers coverage" (citing <u>Mutual Benefit Insurance Co. v. Haver</u>, 725 A.2d 743, 745 (Pa. 1999))).

Phoenix responds that the claim is not premature because Noel filed a claim for coverage with the insurance company, although not in court. Phoenix cites to State Farm Fire and Casualty Co. v. Cooper, No. CIV.A. 00–5538, 2001 WL 1287574 (E.D. Pa. 2001). There, the District Court for the Eastern District of Pennsylvania granted summary judgment in favor of an insurance company. Contrary to Phoenix's asserted reliance on that case, the insurance company there sought a declaration that it had no obligation to defend or indemnify an insured in an underlying wrongful death suit which *had been filed* against the insured. Id. at *1. To resolve the issue, the district court in Cooper compared the allegations in the complaint filed against the insured with the coverage provisions of the insurance contract. Id. at *2-3.

The duty to defend is distinct from the duty to indemnify under Pennsylvania law. Regis Ins. Co. v. All Amer. Rathskeller, Inc., 976 A.2d 1157, 1161 (Pa. Super. Ct. 2009); see C.S. v. Colony Ins. Co., No. 05 CV 586, 2010 WL 2841396 (Pa. Com. Pl. March 29, 2010). "Unlike the duty to defend, the duty to indemnify cannot be determined merely on the basis of whether the factual allegations of the complaint potentially state a claim against the insured." American States Ins. Co. v. State Auto Ins. Co., 721 A.2d 56, 63 (Pa. Super. Ct. 1998). "The duty to defend arises whenever claims asserted by the injured party potentially come within the coverage of the policy, while the duty to indemnify arises only when the insured is determined to be liable for damages within the coverage of the policy." Britamco Underwriters, Inc. v. Stokes, 881 F. Supp. 196, 198 (E.D. Pa. 1995). In Britamco, the district court held that when claims have not been adjudicated in the underlying action, the declaratory judgment action must focus on whether the underlying claims could potentially come within the coverage of policy. Id. at 198. In that case, however, the underlying claims had been initiated in state court at the time of the federal declaratory judgment action. Id.

In resolving this motion to dismiss, the court need not resolve the arguments raised by the parties. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. (the "Act"), "does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." Allstate Ins. Co. v. Seelye, 198 F. Supp. 2d 629, 630-31 (W.D. Pa. 2002). The Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added). Accordingly, the jurisdiction conferred by the Act is discretionary, and district courts are under no compulsion to exercise it. State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)); see Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants").

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 174 (3d Cir. 2003) (citing Summy, 234 F.3d at 134-35). In Summy, the Court of Appeals for the Third Circuit stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. Indeed,

> [T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

Id.

5

Importantly, the sole issue of insurance coverage in this case presents no federal question and promotes no federal interest. This action presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. This weighs heavily against the court exercising jurisdiction over this declaratory judgment action. Seelye, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." Gula, 84 F. App'x at 175 (quoting State Auto. Mut. Ins. Co. v. Toure, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa., Aug. 7, 2003)).

Another factor weighing in favor of declining jurisdiction, is that there are dubious constitutional bases for the exercise of jurisdiction in this case. Jurisdiction under the Act, while discretionary, is limited to "case[s] of actual controversy within [the court's] jurisdiction," both by its own terms, 22 U.S.C. § 2201(a), and by Article III of the United States Constitution. Litigants are not permitted to use declaratory judgment proceedings as a means of obtaining an opinion advising what the law would be on a hypothetical state of facts. Bird v. Penn Central Co., 351 F. Supp. 700 (E.D. Pa. 1972). For the exercise of jurisdiction to be permissible under the case and controversy requirements, the "fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." Alli v. Decker, 650 F.3d 1007, 1019 (3d Cir. 2011) (quoting Simmonds, 257 F.2d at 489). Without deciding that the issues presented in this complaint are not ripe,[2] the court

---

[2] In determining whether an action is ripe for review, the courts focus on "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." Abbott Lab. v. Gardner, 387 U.S. 136, 149 (1967).

> In the declaratory judgment context [the Court of Appeals for the Third Circuit has] refined this test because of the difficulty in defining ripeness in actions initiated before an accomplished injury is established. We focus instead on the adversity of interest between the parties, the conclusivity that a declaratory

has serious reservations about declaring whether an insurance agency need pay proceeds on a claim before it has conclusively acted on the claim. Such an opinion would impermissibly advise the insurer about the legal result of its denial of the claim before the company has conclusively acted on the claim. Here no complaint was filed.

The court has additional doubts regarding the ripeness of this declaratory judgment action in light of the relevant underlying state law, in which the duty to defend is explicitly dependent upon the terms of the complaint, and in which the duty to indemnify is at least tangentially related to the complaint. There is no evidence that there would be any hardship on the parties by requiring them to wait until an underlying complaint is filed. Although the court does not decide that this case is constitutionally impermissible, the court's significant reservations regarding the ripeness of issues presented is an additional factor counseling in favor of declining jurisdiction as a discretionary matter. The court could find no decisions resolving pre-complaint declaratory judgment actions in Pennsylvania state or federal courts, and Phoenix did not cite any decisions in which the court entertained a declaratory judgment action on the duty to indemnify prior to the filing of a lawsuit on the underlying insurance claim.

Both the United States Supreme Court in <u>Wilton</u> and the Court of Appeals for the Third Circuit in <u>Summy</u> reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions. <u>Wilton</u>, 515 U.S. at 288-89;

---

> judgment would have on the legal relationship between the parties, and the practical help, or utility, of a declaratory judgment.... Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III.

<u>Armstrong World Industries, Inc.</u>, 961 F.2d at 411-12 (internal quotations and citations omitted).

Summy, 234 F.3d at 135. Here, unlike in Wilton and Summy, there is no parallel action in the state court. The Supreme Court in Wilton did not explicitly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. Wilton, 515 U.S. at 290. The Court in Wilton implicitly stated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. Id. at 288 n.2. In Summy, the court of appeals held that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case; rather, it is but one factor that this court should consider.  234 F.3d at 134-35

Although there is no parallel state court proceeding in this case which counsels in favor of declining jurisdiction, that factor is not determinative, and the absence of a parallel state proceeding is replaced by the lack of any federal interest in this dispute, see Seelye, 198 F. Supp. 2d at 632; see also Dixon v. Progressive N. Ins. Co., No. 08-cv-1010, 2008 U.S. Dist. LEXIS 65594, at *6-7 (W.D. Pa., Aug. 27, 2008), and the dubious constitutionality of the court exercising jurisdiction prior to the filing of an underlying complaint.

Finally, a party's objection to a district court's exercise of jurisdiction in a declaratory judgment is a factor that supports the decision to decline jurisdiction, but it is not a necessary one. Summy, 234 F.3d at 136.  The court may decline jurisdiction in a declaratory judgment action *sua sponte*.  Id.  Here, although no party explicitly objected to the exercise of jurisdiction by the court, the court views the argument raised by the defendants that the complaint is premature—even though that argument was presented in the context of failing to state a claim for which relief may be granted—as the functional equivalent of a jurisdictional objection.  The

defendant's concern with the prematurity of the issues raised in the complaint is an additional factor which weighs in favor of declining jurisdiction.

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake. The exercise of jurisdiction would be constitutionally questionable, and the defendants objected to the action on grounds which question its jurisdictional underpinnings. For those reasons, under the circumstances of this case, and in the exercise of this court's discretion, the court will not exercise jurisdiction over this declaratory judgment action. The complaint is dismissed.

## *ORDER*

AND NOW this 30th day of January, 2012, for the reasons stated above, IT IS HEREBY ORDERED that the declaratory judgment action filed by plaintiff The Phoenix Insurance Company is hereby DISMISSED. This dismissal is without prejudice to the plaintiff's right, if there is a lawsuit commenced against its insured or itself, to fully litigate this matter in the appropriate forum. The clerk shall mark this case closed.

By the court,

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge